1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                 FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   JAMES C. MAXEY,                    No.  2:14-cv-238-TLN-DAD PS
12              Plaintiff,
13      v.
14   CALIFORNIA MEDICAL BOARD,
15              Defendant.
16
17   JAMES C. MAXEY,                    No.  2:14-cv-245-MCE-EFB PS
18              Plaintiff,
19      v.
20   JAMES BERTOLI,
21              Defendant.
22   JAMES C. MAXEY,                    No.  2:14-cv-246-GEB-KJN PS
23              Plaintiff,
24      v.
25   BARCLAY'S BANK INC.,
26              Defendant.
27
28
                                 1

1   JAMES C. MAXEY,                              No.  2:14-cv-247-KJM-AC PS

2             Plaintiff,

3        v.

4   RUSSIA,

5             Defendant.

6

7   JAMES C. MAXEY,                              No.  2:14-cv-248-KJM-DAD PS

8             Plaintiff,

9        v.

10  NATIONAL BROADCASTING
    COMPANY NEWS AND
11  ENTERTAINMENT INC.; and KCRA
    CHANNEL 3, INC.,

12            Defendant.

13

14  JAMES C. MAXEY,                              No.  2:14-cv-251-KJM-EFB PS

15            Plaintiff,

16       v.

17  C.B.S. NEWS AND ENTERTAINMENT,

18            Defendant.

19
    JAMES C. MAXEY,                              No.  2:14-cv-252-MCE-AC PS
20
              Plaintiff,
21
         v.
22
    KNUTSON AND NUTTER, L.L.P.,
23
              Defendant.
24

25  /////

26  /////

27  /////

28  /////

2

1    JAMES C. MAXEY,                              No.  2:14-cv-254-TLN-CKD PS

2                 Plaintiff,

3          v.                                     RELATED CASE ORDER AND

4    A.B.C. NEWS AND ENTERTAINMENT,               FINDINGS AND RECOMMENDATIONS
     INC.,
5
                 Defendant.
6

7          Examination of the above-entitled actions reveals that the actions are related within the

8    meaning of E.D. Cal. Local Rule 123.  The actions involve similar claims and similar questions of

9    fact and law, and would therefore entail a substantial duplication of labor if heard by different

10   judges.  *See*  E.D. Cal. L.R. 123(a).  Accordingly, the assignment of the matters to the same judge

11   is likely to effect a substantial savings of judicial effort and is also likely to be convenient for the

12   parties.

13         Pursuant to the Related Case Order issued on January 27, 2014, in the lead case of *Maxey*

14   *v. Cal. State Bar Assn.,*  No. 2:14-cv-153-JAM-EFB PS, relating 61 other actions, these above-

15   captioned actions will be reassigned to Judge Mendez and Magistrate Judge Brennan.  The parties

16   should be aware that relating the cases under Local Rules 123 merely has the result that both

17   actions are assigned to the same judge; no consolidation of the actions is affected.

18         A.     Motions to Proceed *In Forma Pauperis*

19         In each of the above-entitled actions, in which plaintiff is proceeding *in propria persona*,

20   plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff's

21   declarations make the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, the

22   requests to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

23         B.     Screening of Plaintiff's Complaints

24         Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if

25   it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

26   state a claim on which relief may be granted, or seeks monetary relief against an immune

27   defendant.

28
                                                 3

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

As with the other 61 actions addressed in the order and recommendation filed in 2:14-cv-153-JAM-EFB PS on January 27, 2014, the complaints filed in the above-entitled actions are almost identical, containing only minor differences in each case.  In each complaint, plaintiff alleges that the action arises from "plaintiff being deprived the most basic rights guaranteed by the California and United States Constitution and statutory law."  Plaintiff alleges that he is a resident of Carmichael, California, and that he is unemployed and disabled due to the actions of the named defendant.  Plaintiff alleges that venue is appropriate in this district for each case because "numerous acts, transactions, wrongs, and breaches of contract give rise to violations of

civil and criminal law described in this complaint [which] occurred within this county, state and other states."

Each complaint also contains a section entitled "Allegations Applicable to All Causes of Action." This section consists of boilerplate created by plaintiff wherein he leaves blanks to later fill in. This section appears in each complaint as follows:

> The plaintiff, James C. Maxey, suffered injury due to the actions of the [space provided for plaintiff to inserts the names of individuals or companies] on, or about [space where plaintiff inserts a date]. The plaintiff's injuries were caused by [blank space where plaintiff identifies different parties or companies] associates affiliated [another blank space].

In some of his complaints, plaintiff adds another sentence to the allegation section, which provides, "From September 2001 through the present time, the plaintiff was fraudulently misrepresented as being associated with Osama Bin Laden."

All complaints further allege that "defendants have harassed, intimidated, coerced, blackmailed, physically assaulted, falsely arrested, falsely convicted and falsely imprisoned the plaintiff as part of an illegal conspiracy to suppress his rights under the U.S. Constitution." Each complaint also requests, among other things, that the court issue an order requiring the City of Sacramento to "delay any planning or construction of any downtown sports arena, until the City Council legally litigates . . . James C. Maxey v. Sacramento Kings (NBA) Inc." In many of his complaints, plaintiff requests one billion dollars in damages for his injuries.

Plaintiff has now filed 69 complaints that provide no clues as to what cause of action is being asserted against what defendant. Apart from the sheer number of complaints filed by plaintiff, his complaints name many different defendants who--as best as can be gleaned from the complaints--appear to have nothing to do with plaintiff, including the Country of Russia, the California Medical Board and all three major television networks, just to name a few. Plaintiff's allegations include conclusory and unexplained assertions that the defendants in each case blackmailed, falsely imprisoned, and physically assaulted him. However, the complaint does not contain specific factual allegations showing any particular cause of action as to any particular defendant. Nor does the complaint show how this court would have subject matter jurisdiction

over any such claim.  Given the failure of the complaint to establish or even suggest a legally cognizable claim, the court finds that all of plaintiff's above captioned complaints are frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (observing that a court has the "power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," which includes "claims describing fantastic or delusional scenarios.").  Accordingly, all of the above-entitled actions must be dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2).  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987 (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby ORDERED that:

1.  The above-entitled actions are reassigned to Judge Mendez and Magistrate Judge Brennan for all further proceedings.

2.  Plaintiff's requests for leave to proceed *in forma pauperis*, filed in the above-entitled actions, are granted subject to the recommendation below.

3.  The Clerk is directed to file a copy of this order and findings and recommendations in the above-entitled cases.

Further, it is RECOMMENDED that:

1.  Plaintiff's complaints filed in the above-entitled cases be dismissed without leave to amend; and

2.  The Clerk be directed to close the above-entitled cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

/////

/////

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 28, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7